UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 4:20 CR 19 |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN HOWARD BIGNAULT | ) | |

### CONSENT ORDER OF FORFEITURE

WHEREAS, March 5th, 2020, a federal grand jury sitting in the Southern District of Georgia returned a one-count Indictment against Defendant Bryan Howard Bignault charging violations of 18 U.S.C. § 922(g)(1), (Count One – Possession of a Firearm by a Prohibited Person);

WHEREAS, the Indictment provided for forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) any firearm and ammunition involved in the commission of the offense(s);

WHEREAS, on August 13, 2020 pursuant to the minutes of a Rule 11 hearing, the Defendant pled guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. §922(g)(1);

WHEREAS, pursuant to his plea agreement, Defendant agreed to forfeit his interest in any firearms and ammunition involved or used in the knowing commission of the offense to which he pled guilty, specifically (1) one Taurus, Model: PT 145 Pro., .45 caliber pistol. Bearing serial number: NEU96384 (hereinafter, the "Subject Property");

WHEREAS, pursuant to his plea agreement, Defendant agreed to waive all right, title, and interest in the Subject Property, along with the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Government has established the requisite nexus between the above-described Subject Property and the offense committed by Defendant, and the Subject Property is hereby forfeited to the United States.

2. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c).

4. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

5. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, and any additional facts supporting the petitioner's claim and the relief sought.

6. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

7. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9. The Clerk of the Court shall forward four certified copies of this Order to Assistant U.S. Attorney Jennifer Kirkland., United States Attorney's Office for the Southern District of Georgia, P.O. Box 8970, Savannah, Georgia 31412.

Date: 8/13/20

_____
HON. JUDGE WILLIAM T. MOORE JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

WE ASK FOR THIS:

_____
Jennifer Kirkland
Assistant United States Attorney
New York Bar Number -4838611
P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422

Date: 8/13/2020

_____
Bryan Howard Bignault
Defendant

_____
Attorney for Defendant

Date: 8-13-20