# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **CASE No.: 4:20-cr-00019-WTM-CRS** |
| **BRYAN HOWARD BIGNAULT** | |

## BRYAN HOWARD BIGNAULT'S SENTENCING MEMORANDUM

Bryan Bignault is before this Court for sentencing.

United States Probation calculated Mr. Bignault's Offense Level as 31 with a Criminal History Category of VI. (USPO Sentencing Recommendation). USPO recommended a custodial sentence of 160 months followed by 5 years of supervised release. Mr. Bignault's criminal history does meet the statutory language of 18 USC § 924(e) (*Id.*).

Although Mr. Bignaultolp; appreciates the probation officer's recommendation of a below guideline sentence of 160 months of imprisonment, he respectfully submits that such sentence is greater than necessary to comply with the goals of 18 U.S.C. § 3553(a)(2). Mr. Bignault further respectfully submits that a sentence of 125 months of imprisonment is sufficient, but not greater than necessary to comply with that statute for the following reasons:

I.      **BRYAN BIGNAULT**

Bryan Bignault is more than an offense level and criminal history score. U.S. Probation did a very good job of cataloging Bryan's criminal history, his lengthy history of drug addiction, as well as his mental and physical health.

When reading the PSI, one only has to look at Bryan's early years to see how Bryan ended up before this Court. Bryan's father abandoned his family at an early age. His mother then married an abusive husband who not only abused his mother, but also abused the child, Bryan. Sadly, this is not an uncommon story in today's world. Although not every child being raised in such an environment turns to crime, many do.

Bryan was helpless in this environment. Both he and his mother were abused, and Bryan rebelled at 8 years of age. Unfortunately, Bryan's form of revenge took the form of stealing from his stepfather. Bryan stole his stepfather's pain medication. Bryan began his abuse and addiction to drugs at 8 years of age and overdosed on "Ecstacy" at 12. (P.S.I. ¶ 48). In fact, Bignault's teenaged years are defined by increased use of various narcotics capped off by an addiction to daily use of methamphetamine at 20. (Id.).

Mr. Bignault's crimes – assorted thefts, burglary, and even drug sales – are a direct result of his drug addiction.  His drug use has caused health problems – including a stroke.

The PSI references the criminal gang Ghost Face Gangsters, and Bryan's affiliation with that gang.  The Ghost Face Gangsters are classified as a prison gang.  Gangs thrive in the state correctional system.  Prison gangs offer some protection for its members from the Darwinian environment inside the state prison system.  However, that protection comes at a price, and the Defense will go into further detail at the Sentencing Hearing.

U.S. Probation has categorized Mr. Bignault as an Armed Career Offender (P.S.I. ¶ 19).  U.S. Probation was correct in their calculation. However, the Court should look to the totality of the circumstances when it considers Its sentence. The criminal acts that qualify Bryan for the Armed Career enhancement occurred between November 25, 2014 and December 8, 2015. (P.S.I. ¶¶ 25, 27, and 28). This is a period of 12 and ½ months. During this period of time, Bryan also got into trouble for felony shoplifting. (Id., at ¶ 24).

When examining these convictions and looking into Bryan's history, one can see a common denominator – drug addiction. Bryan Bignault was convicted of selling drugs. However, he sold drugs to feed his own addiction and not for pecuniary gain.

Paragraph 49 in the PSI best sums up the power Bryan's addiction had over him.

Bryan has unsuccessfully tried to fight his addiction. He has tried outpatient treatment, but that has been unsuccessful. (P.S.I. ¶ 50).

## II. BRYAN BIGNAULT WARRANTS A 125 MONTH SENTENCE

Bryan Bignault is going to prison for a very long time. Defense Counsel understands that the Court is more than aware of all the sentencing factors in 18 U.S.C. § 3553(a) and, in the interest of judicial economy, will not rehash a series of lengthy string cites.

Mr. Bignault understands the reasons that U.S. Probation recommended its sentence. However, Mr. Bignault contends a more effective sentence would be 125 months of confinement followed by 5 years of supervised release.

The Defense based this recommendation on the actual offense level, including Acceptance of Responsibility, of 25 and Mr. Bignault's Criminal History Category of VI. That is a range 110-137 months. Such a sentence should include drug treatment in the RDAP Program and psychological counseling.

WHEREFORE, Mr. Bignault respectfully requests that this Court impose a total sentence of incarceration of 125 months followed by a period of supervised release. Additionally, Mr. Bignault requests that he be given credit for all time served on these charges. Finally, Mr. Bignault requests that his custodial sentence include

both drug and psychological counseling as well as vocational sentence. Such a sentence would meet all the sentencing factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted this 30th day of November, 2020.

/s/ Dennis A. O'Brien, Jr.
Dennis A. O'Brien, Jr.
GA Bar No. 548495
*Attorney for the Defendant*
savannahlawyer@gmail.com

THE O'BRIEN LAW FIRM, P.C.
33 Bull Street
Suite 540
SAVANNAH, GA 31401
912-704-5150 Telephone